# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AORTIC INNOVATIONS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-1377-JPM |
| | ) |
| EDWARDS LIFESCIENCES CORPORATION, EDWARDS LIFESCIENCES LLC, AND EDWARDS LIFESCIENCES (U.S.) INC., | ) ) ) |
| | ) |
| Defendants. | ) ) |

**Final Judgment of Non-Infringement**

The Court having considered the Parties' Joint Stipulation and [Proposed] Final Judgment of Non-Infringement ("Joint Stipulation"), and finding good cause thereon, hereby finds as follows:

1. On September 28, 2021, Plaintiff Aortic Innovations LLC ("Aortic") filed a Complaint for patent infringement against Defendants Edwards Lifesciences Corporation, Edwards Lifesciences LLC, and Edwards Lifesciences (U.S.) Inc. (collectively, "Edwards").

2. The Complaint alleged four counts of patent infringement of U.S. Patent Nos. 10,883,538 (Count I), 10,966,846 (Count II), 10,987,236 (Count III), and 11,127,735 (Count IV).

3. In its Infringement Contentions, Aortic alleged that Edwards infringes claims 1-8, 10-18, and 20 of the '538 Patent, claim 6 of the '846 Patent, claims 1-4 of the '236 Patent, and claims 1-10 and 12 of the '735 Patent (collectively, "the Asserted Claims"), by making, using, offering for sale, and selling within the United States, or importing into the United States, its SAPIEN 3 Ultra transcatheter heart valves having either RESILIA or non-RESILIA tissue leaflets (collectively "Accused Products"). Aortic also alleged that Edwards indirectly infringes the Asserted Claims.

4. Edwards filed an Answer and Counterclaim alleging that the Asserted Claims are invalid and not infringed. Edwards also served non-infringement and invalidity contentions for each Asserted Claim.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. On November 11, 2022, the Court issued an Order (D.I. 78) staying the portion of this action relating to the '846 Patent, the '538 Patent, and the '236 Patent pending the completion of *inter partes* reviews of those patents by the Patent Trial and Appeal Board of the U.S. Patent and Trademark Office. That stay is hereby lifted.

7. On May 9, 2023, the Court issued its Claim Construction Order construing the disputed terms of the '735 Patent. D.I. 125. Therein, the Court construed the term "outer frame" to mean "a self-expanding frame." *Id.* at 11-19.

8. On August 23, 2023, after considering additional briefing from the parties addressing whether the Court's claim construction of "outer frame" applies to the '846, '538, and '236 Patents, the Court issued a Supplemental Claim Construction Order. D.I. 140. Therein, the Court held that "the term 'outer frame' should be given the same construction across the '538 Patent, the '846 Patent, the '236 Patent, and the '735 Patent, with that construction being 'a self-expanding frame.'" D.I. 140 at 15.

9. Pursuant to a Joint Stipulation, the parties agree that Aortic cannot prevail on the issue of infringement, either literally or under the doctrine of equivalents, with respect to any Asserted Claims of the '846, '538, '236, and '735 Patents as to any act of alleged infringement involving Edwards' Accused Products because those products lack a self-expanding frame under the Court's construction of the term "outer frame." D.I. 125, 11, 17; D.I. 140 at 15.

10. This judgment is intended to be a final, appealable judgment being entered for that purpose, acknowledging that Aortic reserves the right to challenge the Court's claim construction and non-infringement judgment on appeal and any remand.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

**JUDGMENT** of non-infringement of United States Patent Nos. 10,881,538, 10,966,846,

10,987,236, and 11,129,735 is entered in favor of Edwards for the reason that Edwards does not infringe, literally or under the doctrine of equivalents, any Asserted Claim of U.S. Patent Nos. 10,881,538, 10,966,846, 10,987,236, and 11,129,735, and as such, Aortic shall take nothing from Edwards as regards such patents.  Final judgment is hereby entered in favor of Edwards and against Aortic on Aortic's claims for infringement of the '538, '846, '236, and '735 Patents.  Accordingly, Aortic's complaint and infringement claims against Edwards are **DISMISSED WITH PREJUDICE**.

Edwards' counterclaims are **DISMISSED WITHOUT PREJUDICE** as moot, without prejudice to reinstatement in the event the United States Court of Appeals for the Federal Circuit remands this case back to this Court, in whole or in part.

This Judgment in favor of Edwards and against Aortic is **FINAL** and **APPEALABLE**.

This Judgment is without prejudice to the parties' right to appeal any prior or future orders issued by this Court.

This Judgment is without prejudice to Edwards right to file a motion to declare this an exceptional case under 35 U.S.C. § 285 and to award attorneys' fees and costs, or to file any other motion for attorneys' fees and/or costs, which may be filed at any time up until the earlier of (a) thirty days after a mandate issues from the United States Court of Appeals for the Federal Circuit (in the event of an appeal), or (b) within twenty (20) days after the deadline passes for filing a Notice of Appeal (in the event no appeal is filed). This judgment is also without prejudice to Aortic's rights to challenge any motion by Edwards to declare this case exceptional and/or to seek attorneys' fees and/or costs.

**IT IS SO ORDERED**, this 10th day of October, 2023.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE